## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMIE REILLY,

              Plaintiff,                   Case Number: 2:20-11109
                                              Honorable Arthur J. Tarnow

v.

MDOC, et al.,

              Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court on Jamie Reilly's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Reilly is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. She names twenty-one defendants.[1] Reilly, who is proceeding *in forma pauperis*, alleges that defendants violated her rights under First, Fourth, Eighth, Ninth, and Fourteenth Amendments. The Court holds that Plaintiff fails to state a claim upon which relief may be granted against defendants MDOC, Heidi Washington, Richard Russell, Kenneth McKee, O.T. Winn, W. Foy, T. Massick, T. McLean, A. Pratt, BHCS, Marti Sherry, Patricia Lamb, Corizon Health Care Officials, Mental Health Services and Gender Committee. The Court also dismisses Reilly's Ninth Amendment claim for

---

[1] Plaintiff uses female pronouns when referring to herself. The Michigan Department of Corrections' Offender Tracking Information System designates Plaintiff as male. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=203296. Nevertheless, the Court will follow Plaintiff's preference and use female pronouns in referring to her in this Opinion.

failing to state a claim upon which relief may be granted and her claims against the defendants in their official capacities based upon Eleventh Amendment immunity.

## I. Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.  Factual Allegations

Reilly describes herself as a transwoman.  She says that she has breasts and has always worn female clothing.  She is considered a male by the Michigan Department of Corrections and has been housed in male-only facilities.  Reilly is also mainly confined to a wheelchair because of "spine damage."  (ECF No. 1, PageID.4.)  In August 2019, Reilly was confined at the Charles Egeler Correctional Facility in Jackson, Michigan (*Id.*)  She had her own bathroom and no male staff entered her cell unless a female officer or nurse was also present.  (*Id.* at PageID.6.)  Reilly was comfortable with this arrangement.  But it did not last.

In September 2009, Reilly was informed she would be transferred to Saginaw Correctional Facility.  The transfer van was not handicap accessible so male corrections officers carried her to the van. She claims this caused her extreme physical and mental pain.  (*Id.* at PageID.7.)  She complains that the cell she was assigned was dirty, lacked ventilation, and was in a state of disrepair.  (*Id.* at PageID.8-9.)  The shower room to which she was assigned had no curtains and a camera, which, she claims, did not satisfy her accommodations and that defendant corrections officers Brown, Oliver and Schmidt failed to address her concerns.  (*Id.* at PageID.12-13.)  She complained to Mental Health that she had no privacy for showering, toileting, or dressing.  (*Id.* at PageID.10.)  She also told someone in the health care department about the inadequate arrangements.  The nurse said she would relay this information to defendant Susan McCauley.  (*Id.*)  Reilly filed a grievance complaining about her housing situation.  The grievance was denied by

3

defendants McLean and Pratt.  (*Id.*)  Defendant O.T. Winn, the facility warden, denied

Reilly's Step II grievance.  (*Id.*at PageID.11.)  And defendant Richard Russell, manager

of the grievance section, office of legal affairs, denied the grievance at Step III.  (*Id.*)

Reilly forwarded her grievance to MDOC director Heidi Washington where "it was

rejected." (*Id.*)

In October 2019, Reilly filed a grievance against defendant Pratt for failing to

properly process her previous grievance.  Defendants W. Foy and Russell denied the

grievance. (*Id.* at PageID.11-12.)

On December 8, 2019, Reilly sent a grievance to defendant Marti Sherry, a BHCS

employee, regarding her living conditions.  She did not receive a response. (*Id.* at

PageID.13.)

On January 30, 2020, Reilly was transferred to a different cell which was not

handicap accessible. (*Id.* at PageID.14.)  Reilly had to use a walker to get through the

doorway causing her pain. (*Id.*)  Because the cell was not heated, the food slot was left

open to allow warmer air into the cell. (*Id.*)  Corrections Officer Lamaris refused to

allow the food slot to remain open in retaliation for her complaints. (*Id.*)  Lamaris is not

named as a defendant, but Reilly describes him as a "potential defendant." (*Id.*)

Finally, Reilly alleges that her living conditions violate her First Amendment right

to freely exercise her religion. (*Id.* at PageID.16.)  Reilly is a Christian and a

"fundamental tenet of Christianity is 'modesty' which is deprived by Defendants when

she is <u>forced</u> to exposure of her female body parts by males (staff/inmates)."  (*Id.*) (emphasis in original).

## III. Discussion

### A.    Eleventh Amendment Immunity

Reilly names as defendants the Michigan Department of Corrections (MDOC), the Bureau of Health Care Services (BHCS), Mental Health Services (MHS), and the Gender Committee.  These defendants are immune from suit under the Eleventh Amendment.

The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

"Because the MDOC is a state agency and the State of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity."  *Sims v. Michigan Dep't of Corrections*, 23 F. App'x 214, 215 (6th Cir. 2001).  The BHCS, MHS, and Gender Committee are entities within the MDOC and, therefore, also entitled to Eleventh Amendment immunity.  *See  Salami v. Rewerts*, No. 2020 WL 1316510, *3 (the MDOC's Gender Dysphoria Collaborative Review Committee is a subdivision of the MDOC and immune from suit under § 1983); See

*Coston v. Corizon, Inc.*, No. 1:17-cv-249, 2017 WL 1206263, at *2 (W.D. Mich. Apr. 3, 2017) (holding that the Bureau of Health Care Services is immune from suit); *Yeadon v. Wijayagunaratne*, No. 2:14-CV-178, 2015 WL 8013511, at *2 (W.D. Mich. Nov. 6, 2015), report and recommendation adopted, No. 2:14-CV-178, 2015 WL 7779630 (W.D. Mich. Dec. 2, 2015) (holding that Mental Health Services is department within the MDOC and, as such, immune from suit under § 1983).

Thus, Plaintiff's claims against the MDOC, BHCS, MHS, and Gender Committee must be dismissed because these defendants are entitled to Eleventh Amendment immunity.

In addition, all defendants are named in their personal and official capacities.  A suit against an MDOC employee in his or her official capacity is equivalent to a suit brought against the MDOC.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Reilly's claims against the defendants in their official capacities will be dismissed.

### B.  Response to Grievances

Reilly fails to state a plausible claim against defendants Heidi Washington, Richard Russell, O.T.Winn, W. Foy, A. Pratt and Marti Sherry because their alleged liability is based only upon their responses to grievances.  Reilly alleges no specific involvement of these defendants in the alleged unconstitutional conduct.  "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003), because "there is

no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001), (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).  Moreover, state law does not create any liberty interest in a grievance procedure.  *Id.*  Failure to investigate or respond to grievances does not establish a § 1983 violation.  *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999).  Accordingly, Plaintiff's claims against Heidi Washington, Richard Russell, O.T.Winn, W. Foy, A. Pratt and Marti Sherry fail.

### C. Minimum Pleading Requirements

Reilly fails to satisfy the minimum pleading requirements as to Defendants Kenneth McKee, T. Massic, T. McLean, Patricia Lamb, and Corizon Health Care Officials.  A complaint must allege each defendant's personal involvement with the alleged violation of federal rights.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights).

The only claims Reilly makes against these defendants are general allegations that they "implement regulations, policies, procedures and rules for the operation of the MDOC. … and are responsible for ensuring <u>all</u> staff are trained/educated in following these regulations, policies, procedures, rules, including laws which would include maintaining proper health care system."  (ECF No. 1, PageID.3.)  She also claims these

defendants "knowingly acquiesced in the unconstitutional conduct of any/all offending subordinates." (*Id.* at PageID.11.)

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).

Reilly's allegations are unsupported by any allegations identifying specific actions by any of these defendants or their authorization or approval of unconstitutional conduct. She fails to allege any facts which would support a finding that they engaged in any "active unconstitutional behavior'" rather than a "'mere failure to act.'" *Shehee*, 199 F.3d at 200 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). She fails to state a claim upon which relief may be granted against defendants McKee, Massic, McLean, Lamb, and Corizon Health Care Officials.

**D. Ninth Amendment**

Reilly alleges that the defendants' actions have violated her rights under the Ninth Amendment. The Ninth Amendment states: "The enumeration in the Constitution, of

8

certain rights, shall not be construed to deny or disparage others retained by the people."
U.S. Const. amend. IX. The Ninth Amendment "has never been recognized as
independently securing any constitutional right, for purposes of pursuing a civil rights
claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).

## IV. Conclusion

For the reasons set forth, the Court dismisses defendants MDOC, Heidi
Washington, Richard Russell, Kenneth McKee, O.T. Winn, W. Foy, T. Massick, T.
McLean, A. Pratt, BHCS, Marti Sherry, Patricia Lamb, Corizon Health Care Officials,
Mental Health Services and Gender Committee.

The Court dismisses Reilly's claims against the defendants in their official
capacities because they are entitled to Eleventh Amendment immunity.

Reilly's remaining claims alleging a violation of her First Amendment right to
practice her religion, a violation of her right to privacy under the Fourth, Eighth, and
Fourteenth Amendments, and a violation of the Eighth Amendment by the failure to
provide wheelchair-accessible accommodations may proceed against Patricia Schmidt,
Patricia Lamb, Sherry Oliver, Laura Brown, and Susan McCauley in their personal
capacities only.

SO ORDERED.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2020

9