UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE (JAMES CARLTON)
REILLY,

   Plaintiff,

v.

HEIDI WASHINGTON and
CARMEN McINTYRE,

   Defendants.

Case No. 2:20-cv-11109
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

_____/

## STATUS CONFERNCE ORDER DEEMING WITHDRAWN CERTAIN MOTIONS (ECF Nos. 33, 37 & 57) and SETTING DEADLINES

### A. Background

Plaintiff initiated this lawsuit *in pro per* in April 2020, naming a multitude of Defendants (ECF No. 1), many of whom were dismissed by way of Judge Tarnow's June 15, 2020 order (ECF No. 6). (*See also* ECF No. 34.) Plaintiff is now represented by counsel and has since filed multiple amended complaints. (ECF Nos. 41, 42, 49, 62, 65 & 68.) "Normally, an amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) (referencing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–557 (2d ed.1990)).

1

Accordingly, the operative pleading in this matter is the one filed on March 14, 2022 and which names only two Defendants: (1) MDOC Director Heidi Washington; and, (2) MDOC Chief Medical Officer Carmen McIntyre. (ECF No. 68, PageID.634-635 ¶¶ 2-6.) Among other things, Plaintiff alleges that the MDOC's Gender Dysphoria Review Committee (GRDC) met on December 1, 2021 to review Plaintiff's request for placement into a women's prison, but the request was denied. (ECF No. 68, PageID.640 ¶¶ 40-41; *see also* ECF No. 56.) Plaintiff specifically requests injunctive relief – such as placement into a women's prison or placement in a housing unit "where she will be safe from physical, sexual, and verbal assault from male inmates and/or prison staff" – and an award of attorney's fees and costs. (ECF No. 68, PageID.644-646 ¶¶ 61-73; *id*., PageID.652-653 ¶¶ A-F.)

B.   **Pending matters**

Currently pending before the Court are former MDOC Defendants McCauley and Lamb's May 14, 2021 motion for summary judgment on the basis of exhaustion (ECF No. 33), Plaintiff's June 8, 2021 motion under imminent danger (ECF No. 37), and Plaintiff's December 8, 2021 motion under imminent danger (ECF No. 57).

On December 21, 2021, the case was assigned to me for pretrial proceedings. (ECF No. 59.) On March 15, 2022, I conducted a video status

conference, at which Attorney Daniel E. Manville, Assistant Attorney General (AAG) Sara Elizabeth Trudgeon, AAG Zachary Austin Zurek, and Attorney Devlin K. Scarber appeared. (ECF No. 63.)

**C.    Order**

In accordance with counsel's representations and agreement during the video conference, the Court rules or directs as follows:

1. The following motions are **DEEMED WITHDRAWN**: **(a)** former MDOC Defendants McCauley and Lamb's May 14, 2021 motion for summary judgment on the basis of exhaustion (ECF No. 33), because the movants are no longer named parties; and, **(b)** Plaintiff's June 8, 2021 and December 8, 2021 motions under imminent danger (ECF Nos. 37, 57), as these were filed when Plaintiff was located at an MDOC facility in Kincheloe and Plaintiff is currently incarcerated at an MDOC facility in Lenox Township.

2. Defendant Washington and Defendant McIntyre have yet to appear in this matter. Plaintiff has requested summonses, which the Clerk of the Court issued on March 11, 2022 (ECF Nos. 66, 67), and AAG Trudgeon represented that she will accept service for Washington and/or McIntyre via waivers.

3. Plaintiff's counsel served a settlement letter, and AAG Trudgeon anticipates that it will take two weeks to obtain a response from her client. In order to permit the parties some time to negotiate thereafter, but in the interest of keeping this case on track, no later than **Tuesday, April 12, 2022**, the parties **SHALL** jointly inform the Court in writing that either: **(1)** this case is on a settlement track, in which case they should request a settlement conference or mediation, and identify before whom they would prefer to hold it; or, **(2)** they are providing a discovery plan (in which case they should simultaneously do so), including suggested timing for an

eventual settlement conference, after which the Court will issue a case management scheduling order.

4. Finally, no later than **Tuesday, March 29, 2022**, Plaintiff's counsel **SHALL** submit a stipulated order of voluntary dismissal without prejudice as to any Defendant who survived the Court's order of partial dismissal (ECF No. 6) but is not a party to the operative pleading (ECF No. 68).

**IT IS SO ORDERED.**[1]

Dated: March 16, 2022         s/*Anthony P. Patti*
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).